IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARKOS ESQUER,

    Plaintiff,

v.                                                                                              No. 22-cv-0714 JB/KBM

CITY OF ALBUQUERQUE,

    Defendant.

## ORDER REGARDING DISCOVERY DURING INITIAL REVIEW

This matter is before the Court on Plaintiff's Motion for Production of Discovery (Doc. 6). Also before the Court is Defendant's Motion for Protective Order to Stay Discovery (Doc. 13). Plaintiff in incarcerated and proceeding *pro se*. He initiated this case by filing a Civil Complaint for excessive force (Doc. 1-1); his instant motion seeks camera footage from Defendant in connection with his arrest. Defendant seeks to stay all discovery obligations until the Court rules on its Motion to Dismiss the Civil Complaint under Fed. R. Civ. P. 12(b)(6) (Doc. 5).

Because Plaintiff is an inmate who seeks redress from a governmental entity, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A. Dismissal is required on screening if the Complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. §1915A(b). Where, as here, a defendant files a Motion to Dismiss in aid of screening, the Court typically issues one ruling analyzing whether the prisoner complaint survives review under Rule 12(b)(6). Under local rule, defendants are not required to engage in discovery during the screening phase. NMLR 16.3(d) excludes prisoner complaints from pre-trial case management procedures, including initial disclosures/discovery obligations. If the Court determines a prisoner complaint survives initial review under Rule 12(b)(6), the Court will order

a *Martinez* report in lieu of traditional discovery.  See *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978).  A *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims."  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).  The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment. *Id.* at 1109-13.  Plaintiff may present conflicting evidence to controvert the facts set out in the report or file a motion seeking discovery that was not included.  *Id.* at 1109.

For these reasons, and because the instant case is still in the screening phase, the Court will deny Plaintiff's Motion for Production of Discovery (Doc. 6) without prejudice and as premature.  The Court will also grant Defendant's Motion for Protective Order to Stay Discovery (Doc. 13), to the extent Defendant seeks to stay discovery during the screening.  Defendant need not engage in discovery or respond to motions seeking discovery until further Order by the Court.  Once screening is complete, the Court typically enters a separate Order either dismissing the Complaint or requiring Defendants to file a responsive pleading and/or *Martinez* report.

**IT IS ORDERED** that the Plaintiff's Motion for Production of Discovery (**Doc. 6**) is **DENIED without prejudice**; and Defendant's Motion for Protective Order to Stay Discovery (**Doc. 13**) is **GRANTED**, as set forth above.

_____
UNITED STATES MAGISTRATE JUDGE